**FILED**
**November 8, 2021**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**No. 20-0488 –** *Keener d/b/a Mountaineer Inspection Services, LLC, v. Irby, State Tax Comm'r of WV*

**Justice Hutchison, concurring, in part, and dissenting, in part, and joined by Justice Wooton:**

I concur with the ultimate conclusion reached by the majority in this case, specifically, that Mr. Keener has failed to prove that the home inspection services he provides to customers are exempt from consumer sales and service taxation under the "professional" exemption test of W. Va. Code R. § 110-15-8.1.1.1 (1993). However, I dissent and write separately because the majority's analysis is flawed.

The legislative rule at issue in this case begins by listing activities that are "professional" and "nonprofessional." *See id.* "Professional" activities are exempt from sales and service taxation, while "nonprofessional" activities are not. *Id.* Some examples of activities that the Legislature expressly declared to be "professional" include services rendered by physicians, dentists, lawyers, certified public accountants, optometrists, embalmers, registered professional court reporters, licensed real estate appraisers, and licensed real estate brokers. *Id.* Next, the rule permits the State Tax Department to determine on a case-by-case basis whether activities not expressly listed will qualify as "professional":

> The determination as to whether other activities are "professional" in nature will be determined by the State Tax Division on a case-by-case basis unless the Legislature amends W. Va. Code 11-15-1 et seq. to provide that a specified activity

1

is "professional." When making a determination as to whether other activities fall within the "professional" classification, the Tax Department *will consider such things as* the level of education required for the activity, the nature and extent of nationally recognized standards for performance, licensing requirements on the State and national level, and the extent of continuing education requirements.

*Id*. (emphasis added).

The majority correctly recognizes that the test in the "case-by-case" provision of this regulation is not a lock-step, "all or nothing," four-part test. Rather, the regulation requires the Tax Department to *consider such things as* the four listed factors. Despite this pronouncement, the majority proceeds to do exactly the opposite. The majority concludes that the absence of a four-year college degree, *by itself and without any other consideration*, is sufficient to conclude that Mr. Keener's activities are not "professional" under the regulation. This approach is contradictory to the regulation and to the majority's own holding. It is the very same lock-step approach the majority pretends to reject.

By using the language "such things as," the Legislature necessarily directed that the analysis is not bound to any one factor. There could be other, equally pertinent, considerations. And, depending upon the nature of a particular activity, some considerations might carry more weight than others.

Moreover, the factors that the regulation requires the Tax Department to consider are generalized areas of inquiry: "the level of education required for the activity,

the nature and extent of nationally recognized standards for performance, licensing requirements on the State and national level, and the extent of continuing education requirements." There is no specific level of education required by the rule, no specific national standard, et cetera. This is important because some professions may require a specialized training program or perhaps a two-year college degree, while other professions require a post-graduate degree. The Tax Department was given the authority to consider and balance the evidence in light of the four general areas specified in the rule. While consideration of the four general areas is certainly mandatory (the rule directs that the Tax Department "will consider"), that is not the same thing as being a lock-step, "all or nothing," test. It is clear that the Legislature intended for a more comprehensive, balanced approach.

Most critically, there is no four-year college degree requirement set forth in any part of this rule. A four-year college degree requirement cannot even be implied because, *in the very same rule, the Legislature declared that activities which do not require a four-year college degree are professions*. This includes embalmers, registered court reporters, licensed real estate appraisers, and licensed real estate brokers. These professions do require specialized training and education, but not necessarily a four-year college degree. "The primary rule of statutory construction is to ascertain and give effect to the intention of the Legislature." Syl. Pt. 8, *Vest v. Cobb*, 138 W. Va. 660, 76 S.E.2d 885 (1953). By specifically declaring that certain activities which do not require a four-year college degree are "professions," the Legislature signaled that a four-year college degree

is not the litmus test. To be sure, the "level of education required for the activity" must be taken into account, but the Legislature did not mandate that the "level" must always be a four-year college degree. The lack of a four-year college degree may be considered, but it should not be the single controlling element of the analysis.[1]

The Office of Tax Appeals ("OTA") followed the correct approach when applying W. Va. Code R. § 110-15-8.1.1.1 to the evidence presented in this case. The OTA found that the regulation allows for a balancing of factors, including a consideration of educational attainment and the lack of a four-year degree requirement. The OTA explained:

> Assuming arguendo that we can call the four areas mentioned in Section 8.1.1.1 "factors" not one of the four is more deserving of significant weight than another. Nor has the Tax Commissioner considered an improper factor. Ultimately, the question for this Tribunal is, has the Tax Commissioner made a "serious mistake" or reached a "completely unreasonable result?" We believe he has not done so. The Tax Commissioner argues that he has looked at the activities conducted by Mr. Keener and has found them not meriting the designation "professional" despite the necessity of certification by the State Fire Marshal. Specifically, the Tax Commissioner argues that a home inspector in West Virginia does not need to be licensed on a national level. The Tax Commissioner also expressed concerns about the form and substance of the test that home inspectors must take. Finally, while the Tax Commissioner's reliance on this Tribunal's erroneous previous decision establishing an educational requirement [of a four-year college degree] may have been misplaced, his concerns regarding the level of education one needs to be a home

---

[1] The majority spends a great deal of its discussion talking about the Tax Department's authority to interpret and construe a regulation that it is charged with enforcing. However, glaringly absent is any Tax Department interpretive rule setting forth a four-year college degree mandate.

inspector is [sic] noted. We would not call it a serious mistake
or unreasonable result to determine than an activity that can be
done by someone with a GED degree is not professional.

Thus, after examining the evidence in light of all of the considerations specified by W. Va. Code R. § 110-15-8.1.1.1, the OTA concluded that Mr. Keener did not prove that his home inspection services were professional activities exempt from taxation. I find that this was the correct approach and is the correct decision.

Accordingly, for the reasons set forth herein, I concur with the majority's conclusion that Mr. Keener is not exempt from taxation, but I respectfully dissent to the manner in which the majority of the Court reached its decision. I am authorized to state that Justice Wooton joins in this separate opinion.